1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BRIAN BROWN,                              No.  2: 20-cv-1369 WBS KJN P

12              Plaintiff,

13         v.                                   ORDER & FINDINGS &
                                                RECOMMENDATIONS
14    RIO CONSUMNES CORRECTIONAL
      CENTER,

15              Defendant.

16

17

18         Plaintiff is a county prisoner, proceeding without counsel, with a civil rights action

19    pursuant to 42 U.S.C. § 1983.  On January 21, 2021, defendant filed a motion to compel

20    discovery.  (ECF No. 17.)  Plaintiff did not file an opposition to the motion to compel.  On

21    February 23, 2021, the undersigned granted plaintiff twenty-one days from the date of the order to

22    show cause why the motion to compel should not be granted.  (ECF No, 18.)  Twenty-one days

23    passed and plaintiff did not respond to the order to show cause.  Accordingly, for the reasons

24    stated herein, the undersigned recommends that this action be dismissed for lack of prosecution.

25         District courts have the inherent power to control their dockets and "in the exercise of that

26    power, they may impose sanctions including, where appropriate ... dismissal of a case."

27    Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action,

28    with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or

1

1    failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)

2    Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint);

3    Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local

4    rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service,

5    833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v.

6    Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to

7    comply with local rules).

8            In determining whether to dismiss an action for lack of prosecution, failure to obey a court

9    order, or failure to comply with local rules, the court must consider several factors: (1) the

10   public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

11   (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on

12   their merits; and (5) the availability of less drastic alternatives.  Ghazali, 46 F.3d at 53; Ferdik,

13   963 F.2d at 1260-61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d

14   at 1423-24.

15          The undersigned finds that the public's interest in expeditiously resolving this litigation

16   and the court's interest in managing the docket weigh in favor of dismissal because this action

17   has been pending since July 6, 2020.  The third factor, risk of prejudice to Respondent, also

18   weighs in favor of dismissal because a presumption of injury arises from an unreasonable delay in

19   prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

20   factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the

21   factors in favor of dismissal.  Because it appears that plaintiff is no longer interested in

22   prosecuting this action, it does not appear that less drastic alternatives are warranted.

23          Accordingly, IT IS HEREBY ORDERED that defendant's motion to compel (ECF No.

24   17) is vacated;

25          IT IS HEREBY RECOMMENDED that this action be dismissed for plaintiff's failure to

26   prosecute.

27   ////

28   ////

2

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 23, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Br1369.fr

3